LAW LIBRARY

NO. 27958

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GARY W. SCHERER and INTERNATIONAL FLATWORK SPECIALIST, INC., doing business as Kongcrete Construction Company, Appellant-Appellant, v. CONTRACTORS LICENSE BOARD, STATE OF HAWAI'I, Appellee-Appellee,

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIV. NO. 05-1-1320)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

In this secondary appeal arising from a construction dispute and consequent regulatory sanction, Appellants-Appellants Gary W. Scherer (Scherer) and International Flatwork Specialist, Inc., doing business as Kongcrete Construction Company (collectively, Appellants) appeal from the April 28, 2006 final judgment of the Circuit Court of the First Circuit (circuit court)[1] in favor of Appellee-Appellee Contractors License Board (CLB), State of Hawai'i.

After a careful review of the issues raised, arguments advanced, applicable law, and the record in this case, we resolve Appellants' appeal as follows:

1. The Hearings Officer, the CLB, and the circuit court did not err by not granting Appellants' Motion in Limine.

Hawaii Administrative Rules (HAR) § 16-201-21(a), which governs the admissibility of evidence at the Department of Commerce and Consumer Affairs (DCCA) administrative hearings, provides:

---

[1] The Honorable Eden Elizabeth Hifo presided.

> The admissibility of evidence at the hearing shall not be governed by the laws of evidence and all relevant oral or documentary evidence shall be admitted if it is the sort of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs. Irrelevant, immaterial, or unduly repetitious material shall not be admitted into evidence. The authority or hearings officer shall give effect to the privileges recognized at law.

Homeowner Lynn L. Lundquist's (Lundquist) testimony regarding remedial work and materials was not irrelevant. Rather, it established (1) that remedial work was performed, albeit by an unlicensed contractor, to correct the work performed by Appellants, and (2) the cost and purchase of materials that were used to make the repairs.

Whether or not Lundquist's testimony regarding remedial work and materials was prejudicial is impertinent because there is no authority for the proposition that evidence can be excluded merely for the reason that it is prejudicial to the opponent.[2]

Lastly, Lundquist's alleged noncompliance with Hawaii Revised Statutes (HRS) Chapter 444 has no bearing on her veracity or credibility.

2. The Hearings Officer and the CLB did not err by not granting Appellants' Motion to Dismiss.

Appellants' reliance on Toney v. Fauhiva, 109 Hawai'i 96, 123 P.3d 691 (App. 2005) is misplaced. Toney dealt with the obligations under and benefits of HRS § 444-25.5--disclosures by licensed contractors--which is not at issue here. Moreover, Appellants' claims against Lundquist do not undermine the CLB's authority to enforce the provisions of HRS Chapter 444 against Appellants. See HRS § 444-4(4) (1993).[3]

---

[2] As stated by the Supreme Court of Hawai'i, in explaining "unfair prejudice" under Hawaii Rules of Evidence (HRE) Rule 403, "[v]irtually all evidence is prejudicial or it isn't material." Ranches v. City & County of Honolulu, 115 Hawai'i 462, 475, 168 P.3d 592, 605 (2007) (quoting Rollins v. Bd. of Governors for Higher Educ., 761 F. Supp 939, 941 (D.R.I. 1991)).

[3] It is true that HRS § 444-22 (1993) provides that,

> [t]he failure of any person to comply with any provision of this chapter shall prevent such person from recovering for work done, or materials or supplies furnished, or both on a

(continued...)

2

3.  The Hearings Officer, the CLB, and the circuit court did not err by permitting the receipt into evidence of documents that were not authenticated, i.e., Exhibits 5, 6, and 8.

As Appellants acknowledge, the HRE does not apply in administrative hearings. HAR § 16-201-21(a) ("the admissibility of evidence at the hearings shall not be governed by the laws of evidence").

Furthermore, the admission of irrelevant or incompetent evidence by an administrative agency is not grounds for reversal if there is substantial evidence to support its decision. Shorba v. Bd. of Educ., 59 Haw. 388, 397-98, 583 P.2d 313, 319(1978); see also Price v. Zoning Bd. of Appeals, 77 Hawaiʻi 168, 176, 883 P.2d 629, 637 (1994) (citing Shorba with approval). There was substantial evidence presented to support the agency's decision as modified by the circuit court, even if these exhibits are not considered.

4.  The Hearings Officer, the CLB, and the circuit court did not err by determining Appellants willfully departed from or willfully disregarded the plans and specifications, and willfully failed to comply with HRS Chapter 444.

Appellants' failure to complete the concrete work in accordance with the approved plans and specifications, which were clear and available, and their failure to take any remedial action in response to their alleged concrete shortage

---

[3](...continued)
> contract or on the basis of the reasonable value thereof, in a civil action, if such person failed to obtain a license under this chapter prior to contracting for such work[,]

and a consistent theme throughout this case is Appellants' argument that Lundquist violated provisions of Chapter 444. However, the evidence presented to the Hearings Officer supported, and the Hearings Officer so found, that Lundquist was an owner/builder, and was exempt from the licensing requirement under HRS § 444-2(7) (Supp. 2008). Moreover, Lundquist did not bring a civil action to recover damages under the contract, but rather lodged a complaint with the CLB for the defective workmanship performed by Appellants. Thus, HRS § 444-22 is not applicable to this case.

3

sufficiently supports the conclusion that Appellants' actions were voluntary and intentional.[4]

5.   The Hearings Officer, the CLB, and the circuit court did not err by awarding restitution to Lundquist.

HRS § 444-22 does not support Appellants' argument. See Jones v. Phillipson, 92 Hawai'i 117, 125, 987 P.2d 1015, 1023 (App. 1999) ("HRS § 444-22 bars civil actions by unlicensed contractors"). Here, assuming the filing of a complaint with the CLB constituted a "civil action," Lundquist was exempt from the licensing requirements of Chapter 444, HRS § 444-2(7), and was compensated only for the cost of materials she purchased for remedial work. Nothing in HRS Chapter 444 prohibits such compensation.

The record provides sufficient evidence to establish that the remedial work and materials were reasonable and necessary.

Lundquist testified that after noticing problems with the concrete work and attempting to resolve the problems with Appellants, she received proposals from three construction companies to repair/complete the concrete work. Each proposal detailed the remedial services to be performed, the materials to be utilized, and the estimated costs. Prices quoted for the labor and materials were $5,675.00, $5,157.00, and $3,000.00.

Lundquist further testified that she had the concrete work repaired, employing the services of a different company, and paying $3,600.00 for the labor and $1,171.89 for the materials, which falls within the range suggested by the prior proposals.

---

[4]   A willful act is one that is voluntary and intentional, but not necessarily malicious. Black's Law Dictionary 1630 (8th ed. 2004). Moreover, HAR § 16-201-21(d), which governs the burden of proof at DCCA administrative hearings, expressly states that, "[p]roof of a matter shall be by a preponderance of the evidence."

No evidence was presented suggesting that the remedial work performed and/or the materials utilized were unreasonable or unnecessary.

Therefore, the April 28, 2006 final judgment of the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 19, 2010.

On the briefs:

Preston A. Gima,
for Appellants-Appellants.

Joseph W. Lee,
Regulated Industries
Complaints Office,
Department of Commerce and
Consumer Affairs,
State of Hawai'i,
for Appellee-Appellee.

Presiding Judge

Associate Judge

Associate Judge